1  Stephen M. Doniger (Bar # 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (Bar # 235718)
   scott@donigerlawfirm.com
3  Annie Aboulian (Bar # 280693)
4  annie@donigerlawfirm.com
   DONIGER / BURROUGHS APC
5  300 Corporate Pointe, Suite 355
6  Culver City, California 90230
   Telephone:   (310) 590-1820
7  Facsimile:   (310) 417-3538
8  Attorneys for Plaintiff
9  MATRIX INTERNATIONAL TEXTILE, INC.

10 Kevin R. Lussier (Bar # 143821)
   klussier@veatchfirm.com
11 S. Martin Keleti (Bar # 144208)
12 s.martin.keleti@veatchfirm.com
   VEATCH, CARLSON LLP
13 700 South Flower Street, 22nd Floor
14 Los Angeles, CA 90017-4209
   Telephone:   (213) 381-2861
15 Facsimile:   (213) 383-6370
16 Attorneys for Defendant MIDTHRUST IMPORTS, INC.

17

18 **UNITED STATES DISTRICT COURT**

19 **CENTRAL DISTRICT OF CALIFORNIA**

20 MATRIX INTERNATIONAL | Case No.: CV13-01278 GAF (SPx)
21 TEXTILE, INC., a California | Hon. Sheri Pym Presiding
   Corporation,
22 | **STIPULATION FOR PROTECTIVE**
   | **ORDER**
23        Plaintiff,
   | **ORDER**
24            v.

25

26 MIDTHRUST IMPORTS INC., *et al.*,

27        Defendants.

28

-1-
STIPULATION FOR PROTECTIVE ORDER

## I. PURPOSES AND LIMITATIONS

The parties, through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge and understand that this Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitled parties to file confidential information under seal. Nevertheless, the parties agree that good cause exists for this Order and that such an order is in the best interests of both parties.

## II. GOOD CAUSE STATEMENT

Discovery in this action is likely to involve production of confidential proprietary or private information for which special protection may be warranted. The parties also have contractual obligations to third parties to keep certain information confidential. The parties are obliged by the Federal Rules to produce certain information, which is subject to contractual confidentiality obligations to third parties. Failure to sufficiently protect such information will create potential liability to the parties. The parties are also obliged to produce documents containing confidential sales information, including without limitation, pricing, discount strategies and supply chain information. Disclosure of such information will result in competitive disadvantages to the parties from competitors—whether parties or non-parties—who learn the parties' confidential business strategies.

## III. USE AT TRIAL

This Order governs the use of confidential materials at trial. All documents designated as trial exhibits shall not be covered by the terms of this Order at the time of trial, even if they are appropriately designated Confidential or Attorneys' Eyes Only, unless the party seeking to maintain the confidentiality of documents makes a showing of good cause as to why the material should remain confidential to the Court, in advance of trial. Notwithstanding the above, the Parties will maintain as

-2-
STIPULATION FOR PROTECTIVE ORDER

confidential, in accordance with this Order, all confidential material exchanged pursuant to this Order before and after trial.

## IV. CONFIDENTIAL MATERIAL

Confidential material shall include the following documents and tangible things produced, disclosed, or otherwise exchanged: documents subject to confidentiality agreements with third parties; documents containing sales information, pricing and discount strategies; documents containing or evidencing proprietary business methods and strategies; and documents evidencing proprietary design techniques.

1. <u>Scope</u>

The protections conferred by this Order cover not only confidential materials (as defined above), but also (1) any information copies or extracted from confidential materials; (2) all copies, excerpts, summaries, or compilations of confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees or agents, which would be in violation of this Order; provided, further, that the provisions of this paragraph are not self-executing and may not be invoked on self-help basis. A party who contends that material designated as confidential (at either level defined herein) under this Order should remain confidential shall have the burden of proving that contention in any proceeding where a confidentiality designation is at issue.

## V. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1 <u>Basic Principles and Definitions</u>

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting,

-3-
STIPULATION FOR PROTECTIVE ORDER

defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Information or Items to be marked "Confidential" include information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

Information or Items to be marked "Attorneys' Eyes Only" include discovery material or such portions of such material as consists of:

a) any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins) which could reasonably create a competitive disadvantage if disclosed to the parties in this action;

b) any business or financial information that is confidential, proprietary, or commercially sensitive to third parties who have had business dealings with parties to this action; or

c) any other category of material or information hereinafter given Confidential status by the Court, to the extent said material could reasonably create a competitive disadvantage if disclosed to the parties in this action.

<u>Disclosure of Confidential Information or Items</u>

Unless otherwise ordered by the Court or permitted in writing by the designating party, any material designated "Confidential" including copies or excerpts thereof, or analyses or reports which pertain thereto, may be available only to:

(a) Attorneys of record for the receiving party and their immediate staff;

(b) Judges, magistrate judges, law clerks and other clerical personnel of the Court before which this action is pending;

(c) Independent experts whom the receiving party identifies to the producing party. If the producing party has any objection to the proposed independent expert, it

-4-
STIPULATION FOR PROTECTIVE ORDER

shall notify the receiving party in writing within ten (10) days of such identification. The parties will attempt to resolve any difference concerning such independent experts, but if they are unable to do so, the receiving party may seek relief from the Court according to the procedure established in Local Civil Rule 37. No disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue;

    (d)    Officers and directors of the parties

Materials designated "Attorneys' Eyes Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may be made available only to persons identified in Sections 5.2(a) through(c) of this Order.

5.3    <u>Agreement to Be Bound</u>

Each person permitted by the parties or their counsel to have access to designated information under the terms of this Order, shall, prior to being given such access, be provided with a copy of this Order for review. Upon receiving this Order, each person shall sign an "Agreement to Be Bound" (Exhibit A to this Order) indicating that he has read this Order and agrees to comply with its terms, provided, however, that partners and employees of counsel of record as well as officers and personnel of the Court, shall be exempt from the requirement to sign the Exhibit A agreement.

5.4    <u>Filing Confidential Material</u>

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Any document or evidence filed with the Court or submitted to the Judge which is designated as containing "Confidential" or "Attorneys' Eyes Only" information,

upon a showing of good cause and according to procedures established in Local Civil Rule 79-5, will be filed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the action and a statement substantially in the following form:

**"CONFIDENTIAL" [or] "ATTORNEYS' EYES ONLY"]**

The document is subject to a PROTECTIVE ORDER issue by the Court and may not be examined or copied except in compliance with that Order.

The Local Civil Rule 79-5 application for filing under seal shall be directed to the Judge to whom the filing is directed.

**VI. DESIGNATING PROTECTED MATERIAL**

 6.1 <u>Governing Standards</u>

Any information produced by any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Attorneys' Eyes Only." A document should be designated "Confidential" when it contains confidential information (as listed above) that may be reviewed by a designated manager of the receiving party but must be protected against disclosure to unauthorized third parties. A document should be designated "Attorneys' Eyes Only" when it contains trade secrets of a technical nature, such as information relating to product formulas, manufacturing methods, product development plans, or confidential business information such as marketing plans, customer lists, pricing plans, financial statements, supplier identifiers, or other information which would put the producing person or entity at a competitive disadvantage if the information became known to the receiving party.

 6.2 <u>Exercise of Restraint and Care in Designating Material for Protection</u>

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items,

or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

Any information which is publicly available, including any information which can be ascertained from examination of a product sold by any party, should not be designated as "Confidential" or "Attorneys' Eyes Only."

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.3     Manner and Timing of Designations

Any party or non-party wishing to invoke the confidentiality provisions of this Order as to produced things and documents, may designate, in writing, the things and documents (as defined in Rule 34 Fed. R. Civ. P. and Rule 1002 Fed. R. Evid.) or portions thereof which it considers confidential at the time the things and documents are produced. Such designation must be clear and unambiguous.

(a)     Information in documentary form: in designating documents (as defined in Rule 34. Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.), the designating party must affix the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains confidential material. If only a portion of portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: the witness or his or her counsel may invoke the provisions of this Order by claiming confidentiality in a timely manner and designating the level of restriction. During the

deposition, parties shall be excluded only from testimony designated "Attorneys' Eyes Only." The witness under deposition or his or her counsel may, within ten (10) days of receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential, or change the level of restriction of the transcript or any portion thereof. During the ten-day (10-day) period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys' Eyes Only." Testimony that has been designated "Confidential" or "Attorneys' Eyes Only" on the record of the deposition shall be transcribed in a separate booklet marked according on each page, or shall be appropriately redacted.

(c) <u>Other tangible items:</u> the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.4 <u>Inadvertent Failures to Designate.</u>

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this for such. Upon timely correction of a designation, the receiving party must make reasonable efforts ensure that the material is treated in accordance with provisions of this agreement.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

If, at any time during preparation for trial, any party believes that any other party or non-party has unreasonably designated certain material as "Confidential" or "Attorneys' Eyes Only" or believes that it is necessary to disclose designated material to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to further disclosure, the objecting party may make an appropriate application to this Court in accordance with the procedures established in Local Civil Rule 37 and upon notice to all parties and to any non-party who designated the material.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a) Promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed, confidential material to any person or in circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the, designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Agreement to Be Bound" that is attached hereto as Exhibit A.

## X. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 30 days after the termination of this action, including all appeals, each receiving party must return all confidential material, including material designated "Attorneys' Eyes Only," to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, the attorney of record may retain one (1) copy of any designated documents attached to any pleading filed with the Court.

The confidentiality obligations imposed by this Order shall remain in effect in perpetuity, to the extent permitted by the Court, or until the Court orders otherwise. Pursuant to Section IV above, no confidentiality obligations will apply to materials made public during the trial of this action. The parties agree to maintain as confidential any designated materials exchanged during preparation for trial but not made public.

### XI. CONTINUATION OF OTHER PRIVELGES AND PROTECTIONS

This Order shall not prejudice the right of any party on non-party to oppose production of any material on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

Respectfully submitted,

DONIGER / BURROUGHS

Dated: February 27, 2014   By:   /s/ Stephen M. Doniger
                                 Stephen M. Doniger
                                 Scott A. Burroughs
                                 Annie Aboulian
                                 Attorneys for Plaintiff Matrix International Textile, Inc.

VEATCH CARLSON LLP

Dated: February 27, 2014   By:   /s/ S. Martin Keleti
                                 Kevin R. Lussier
                                 S. Martin Keleti
                                 Attorneys for Defendant Midthrust Imports, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: February 27, 2014

_____
HON. SHERI PYM
United States Magistrate Judge

STIPULATION FOR PROTECTIVE ORDER

# EXHIBIT A
## AGREEMENT TO BE BOUND

I, _____ of _____,

_____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protected Order that was issued by the United States District Court of the Central District of California on _____, 2014, in the case of MATRIX INTERNATIONAL TEXTILE, INC., Plaintiff, vs. MIDTHRUST INTERNATIONAL, INC., *et al*., Defendants, Case No: CV13-01278 GAF (SPx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to do comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____          _____

STIPULATION FOR PROTECTIVE ORDER